# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Keith Lowe,**
**Petitioner Below, Petitioner**

**vs.) No. 18-0001** (Kanawha County 11-MISC-625)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith Lowe, by counsel Joseph H. Spano Jr., appeals the Circuit Court of Kanawha County's December 7, 2016, order denying his petition for a writ of habeas corpus.[1] Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in denying him habeas relief because he received ineffective assistance of both trial and habeas counsel. Petitioner additionally raises several other grounds for relief related to alleged improprieties on the part of the trial judge and/or prosecutor's office and newly discovered evidence, among other alleged grounds for relief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Petitioner filed his original brief pro se but later filed a supplemental brief by counsel.

[2]Effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3. Further, petitioner originally listed Ralph Terry as respondent in this matter. However, Donnie Ames has subsequently taken the position of superintendent at Mt. Olive Correctional Complex, and the appropriate public officer has been substituted in accordance with Rule 41 of the Rules of Appellate Procedure.

1

Following a jury trial, petitioner was convicted of first-degree murder in April of 2005. The jury did not recommend mercy and, accordingly, petitioner was sentenced to a term of incarceration for life, without the possibility of parole. Before petitioner's trial, his girlfriend, Misty Cabral, who was also indicted for the same murder as petitioner, pled guilty to robbery. Ms. Cabral did not receive a sentencing recommendation as part of her plea agreement, except that the State did agree to express its opinion about her cooperation in petitioner's trial, where Ms. Cabral went on to testify as a witness for the State. As to petitioner's involvement in the crime, he admitted to killing the victim. As such, petitioner's trial was focused entirely upon the degree of his criminal culpability. Following his conviction, petitioner filed a direct appeal, which this Court refused by order in November of 2006. Petitioner appealed that denial to the United States Supreme Court, which also refused the appeal. *See Lowe v. West Virginia*, 550 U.S. 942 (2007).

In 2008, petitioner filed a petition for a writ of habeas corpus in the circuit court. After the appointment of counsel, the circuit court held an omnibus evidentiary hearing. In that proceeding, petitioner raised several grounds for habeas relief, including ineffective assistance of trial counsel and the apparent recantation of Ms. Cabral. Petitioner additionally filed a *Losh*[3] list and testified regarding his understanding that all claims not specifically raised in that proceeding were waived for future habeas proceedings. During the omnibus hearing, counsel testified at length regarding the possibility of a diminished capacity defense for petitioner at trial and how that defense was untenable and did not comport with the defense's theory of the case. Additionally, the habeas court heard testimony and evidence regarding Ms. Cabral's possible recantation. According to the habeas court, this did not constitute newly discovered evidence because "before trial, [Ms.] Cabral indicated she was willing to recant." Although Ms. Cabral did not recant, she was cross-examined during trial concerning her correspondence to petitioner indicating that she would recant. Ultimately, "at the omnibus hearing, [Ms.] Cabral testified consistently with her trial testimony" and "never recanted her testimony under oath." After addressing several other issues raised in the habeas petition, the habeas court found that trial counsel was effective. Accordingly, the habeas court found that petitioner was entitled to no relief and denied his petition. Petitioner appealed that denial, and this Court affirmed the denial by order entered in June of 2010.

In 2011, petitioner filed a second petition for a writ of habeas corpus. According to the circuit court, petitioner was represented by several attorneys throughout the pendency of the proceedings, but each attorney withdrew or petitioner refused their assistance. After duly cautioning him, petitioner was permitted to represent himself in the proceedings. Per the order on appeal,[4] petitioner raised the following grounds for relief below: ineffective assistance of counsel

---

[3]*Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

[4]Petitioner did not include his initial petition or any subsequent amended petitions from the current habeas proceeding in the appendix on appeal. Although page seventeen of petitioner's appendix includes what appears to be the first page of such petition, including the appropriate circuit court docket number, the very next page of the appendix contains the first page of one of petitioner's psychological evaluations, which continues for several pages. At no point in the

(continued . . .)

for failure to litigate petitioner's claimed incompetence at the time of the offense and the time of trial; ineffective assistance of habeas counsel for failing to litigate the issue of trial counsel's ineffectiveness regarding competency, the lack of a mental and/or diminished capacity defense, and bifurcation; ineffective assistance of habeas counsel for failing to visit with petitioner and fully develop the record; petitioner's convictions were the result of a miscarriage of justice; petitioner was denied due process of law and freedom from cruel and unusual punishment; newly discovered evidence in the form of "yet another purported recantation by Ms. Cabral"; and technical difficulties with the omnibus hearing process resulting in a violation of petitioner's due process and equal access to law. Due to petitioner's prior habeas proceeding, the court ultimately found that "the only pertinent issue in this action" was petitioner's claim of ineffective assistance of prior habeas counsel.

Eventually, respondent filed a motion for summary dismissal of the petition. Petitioner responded to that motion and raised additional grounds for habeas relief, including that trial and habeas counsel were ineffective in regard to litigating petitioner's claim that the trial judge violated the judicial canon of ethics and moving to disqualify him. Further, petitioner asserted that his due process rights were violated when the trial court failed to conduct an evidentiary hearing to determine his criminal responsibility; trial and habeas counsel were ineffective for allowing a mentally incompetent person to be sentenced to life imprisonment; petitioner was unable to effectively assist his trial counsel and communicate with counsel regarding the *Losh* list because of his incompetency; petitioner was denied due process by the perjury of the prosecutor and assistant prosecutor regarding his motion to disqualify that office, including clandestine negotiations of his trial counsel and the trial judge to obtain a job with that office; and habeas counsel was ineffective for failing to assert that trial counsel was ineffective in dealing with a potential witness and Ms. Cabral's recantation. Ultimately, the circuit court denied the petition for a writ of habeas corpus. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

---

appendix does it appear that any substantive portion of any habeas petition from the matter on appeal is provided. Similarly, petitioner's briefing in this matter fails to include citations to the record to indicate where the issues on appeal were presented to the habeas court, in violation of the applicable rules. *See* W. Va. R. App. P. 10(c)(7) ("The argument must contain appropriate and specific citations to the record on appeal, *including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal*.") (emphasis added). While it is true that petitioner's brief contains citations to the appendix, most of these citations are to portions of the appendix that contain documents relevant to his trial or first habeas proceeding. At no point does petitioner's briefing indicate where the specific assignments of error on appeal in this matter were presented to the court presiding over his second habeas proceeding. Because petitioner failed to include the petitions from the circuit court and also failed to include citations that show when and how the issues in his assignments of error were presented below, the circuit court's recitation of the grounds for relief petitioner raised below is accepted as accurate, insomuch as it relates to whether petitioner preserved specific arguments for appellate review.

3

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner simply alleges anew the same arguments he presented to the circuit court. Namely, he asserts that he is entitled to habeas relief upon a number of grounds related to his alleged incompetency to stand trial or lack of criminal responsibility, alleged impropriety on the part of the trial judge and/or prosecutor's office, newly discovered evidence in the form of an affidavit from Ms. Cabral from 2009, and other grounds asserted in the proceedings below.[5] Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order, as it relates to these assignments of error, and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error and direct the Clerk to attach a copy of the circuit court's December 7, 2016, "Order Granting Respondent's Motion For Summary Judgment And Dismissing Civil Action With Prejudice" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

---

[5]It should also be noted that certain assignments of error raised in this appeal, including, among others, the assertions that "the trial court erred in allowing [the] prosecutor to switch charges without giving the defense notice" and ineffective assistance of trial counsel for failing to prepare a defense against felony murder, do not appear to have been raised in the proceedings below. As noted above, the record is unclear as to what specific grounds were asserted in the circuit court due to petitioner's failure to comply with this Court's applicable rules. To the extent that any grounds raised on appeal to this Court were not raised in the proceedings below, we decline to address these assignments of error on appeal. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citation omitted) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.").

**ISSUED:** November 8, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison